UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHAVONSKI D. SHIPMAN,

   Plaintiff,

v.                                 Case No. 3:23cv21312-LC-HTC

TWITTY SERGEANT,

   Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Shavonski Shipman, proceeding *pro se*, initiated this action on or about August 3, 2023, by filing a civil rights complaint purporting to bring claims under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon review, the undersigned recommends the action be dismissed without prejudice for Plaintiff's failure to follow orders of the Court and failure to prosecute.

On August 7, 2023, the Court directed Plaintiff to either pay the full $402.00 filing fee or file a motion to proceed *in forma pauperis*. ECF Doc. 2. After failing to comply within the prescribed time, the Court issued its September 6, 2023, Order to Show Cause why this case should not be dismissed due to Plaintiff's failure to

comply with the Court's August 7 Order. ECF Doc. 4. On September 22, 2023, Plaintiff filed a Motion for Extension Time requesting sixty (60) days to respond to the Order to Show Cause. ECF Doc. 5. In support of that request, Plaintiff represented he "was in administrative confinement due to disciplinary, and has very limited access to prison law library and inmate clerks to assist him." *Id.* at 1.

The Court found "Plaintiff's arguments are not well taken[,]" noting: (1) Plaintiff did not explain the need for sixty days to respond the show cause order; (2) that his apparent release from confinement no longer impeded prosecution of his case; and (3) that neither the procedural prerequisite of "*either* paying the full filing fee *or* by submitting a complete motion to proceed *in forma pauperis* using the forms previously sent to him[,] . . . requires legal research or specialized assistance." ECF Doc. 6 at 2 (citing ECF Doc. 2). Notwithstanding that skepticism, the Court granted in part Plaintiff's motion and provided fourteen (14) additional days for him comply with the Court's August 7 Order. *Id.* That extension provided "Plaintiff . . . almost two months from the time he filed the complaint to pay the filing fee or file a motion to proceed *in forma pauperis* – a requirement he was . . . to have met 'simultaneously' with the filing of the complaint." *Id.* (citing N.D. Fla. Loc. R. 5.3).

The Court's August 7 and September 6 orders each warned Plaintiff that his failure to comply could "result in a recommendation that this case be dismissed." ECF Docs. 2 at 2 & 4 at 2. Despite those admonitions, and the extension granted by

the Court, Plaintiff did not pay the filing fee or file a motion to proceed *in forma pauperis*. Thus, the undersigned recommends this action be dismissed.

This Court has been more than lenient in the amount of time given Plaintiff to comply with its orders. Dismissal under these circumstances is appropriate. *See, e.g.*, *Frith v. Curry*, 812 F. App'x 933, 935 (11th Cir. 2020) ("Because Frith did not respond despite two warnings from the court that a failure to comply could result in the dismissal of his complaint, the district court properly exercised its discretion in dismissing the complaint."). As the Eleventh Circuit has stated, a "district court need not tolerate defiance of reasonable orders." *See, e.g.*, *Brown v. Blackwater River Corr. Facility,* 762 F. App'x 982, 985 (11th Cir. 2019) (affirming dismissal for failure to pay the partial filing fee despite show cause orders) (citing *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F. 3d 1232, 1241 (11th Cir. 2009)).

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See, e.g.*, *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Case No. 3:23cv21312-LC-HTC

Indeed, a "court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citations omitted).

Dismissal is also appropriate for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a Court order.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 11th day of October, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:23cv21312-LC-HTC